UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JOSH WYATT,**

          **Plaintiff,**

    v.                            Case No. 24-CV-27

**SUDI BJORNSTAD KORBA and
STAY @ THE LAKE, LLC,**

          **Defendants.**

## ORDER

**1. Background**

On January 08, 2024, Plaintiff Josh Wyatt filed a complaint against Defendants Sudi Bjornstad Korba and Stay @ the Lake, LLC. (ECF No. 1.) At that time Wyatt was represented by counsel, but he is now proceeding pro se. (ECF No. 30.) The parties are now engaged in discovery and have both filed motions to compel. (ECF Nos. 31, 35.) All parties have consented to the full jurisdiction of this court pursuant to 28 U.S.C. § 636(c). (ECF Nos. 6, 12.)

Defendants sent Wyatt their Discovery Requests on May 23, 2024. (ECF No. 32 at 1.) On June 7, Wyatt served his initial disclosures in accordance with Federal Rule of Civil

Procedure 26(a). (*Id.* at 5.) Wyatt produced 785 documents in a PDF as part of his initial disclosures. (*Id.*) Wyatt's counsel then withdrew. (ECF Nos. 25; 30.)

On July 1, Wyatt sent Defendants' counsel his responses to Defendants' Requests for Admission, but he did not respond to the Interrogatories or Requests for Production of Documents. (ECF No. 32 at 6.) On July 2, Defendants' counsel sent Wyatt a letter regarding the discovery deficiencies, and on July 9 Defendants' counsel conferred telephonically with Wyatt to discuss the discovery deficiencies. (*Id.* at 6-7.)

On July 10, Wyatt sent an email response to Defendants' Requests for Production of Documents, stating that all requested documents were already produced. (ECF No. 32 at 7; ECF No. 33-13, ¶ 13.) Wyatt never responded to Defendants' Interrogatories. (ECF No. 32 at 8; ECF No. 36 at 1.)

On August 2, Defendants filed a Motion to Compel Wyatt's responses to their discovery requests. (ECF No. 31.) On August 19, Wyatt also filed a Motion to Compel. (ECF No. 35.)

2. **Analysis**

**2.1 Defendants' Motion to Compel**

Defendants' motion to compel requests that the court: (1) compel Wyatt to respond to Defendants' Requests for Production of Documents, including electronic data that has not been modified, excerpted, or recontextualized; (2) compel Wyatt to answer Defendants' Interrogatories; (3) order Wyatt to preserve his electronic devices and all

residing data on them or that exist on a cloud service; and (4) award Defendants their reasonable attorneys' fees and expenses incurred in bringing the motion. (ECF No. 31 at 1; ECF No. 36 at 1.)

### 2.1.1. Production of Documents

Defendants request the court order Wyatt respond to the following Requests for Production: 2, 5, 6, 10, 11, 12, 13, 14, and 15. Defendants contend that Wyatt's response to Defendants' Request for Production of Documents is insufficient. (ECF No. 32 at 7.) Wyatt responded to the request merely by stating he would not produce additional documents because he had already provided documents. (*Id.*; ECF No. 33-13.) The already-provided documents to which Wyatt refers are his initial disclosures and do not negate the need to respond to Defendants' document requests. Furthermore, many of Wyatt's initial disclosure productions were not full, unaltered, original copies. (ECF No. 32 at 6.) Because Wyatt did not provide documents in response to the Defendants' Request for Production, Defendants' Motion to Compel Production of Documents is **granted**. Wyatt shall provide the requested documents by **October 8, 2024**.

To comply, Wyatt shall submit the following requested documents to Defendants by October 8: Requests for Production 2 (substantiating his damages); 5 (communications with Mr. *Glen* Dahl, not Mr. Brad Dhal); 6 (substantiating alleged time spent working for one or both defendants); 10 (documents and communications with *any* Person, not just guests, regarding Wyatt's claims and defenses); 11 & 12 (documents and communications

regarding Wyatt's alleged work performed and Stay @ the Lake's property and the Loramoor Property, respectively); 13 (documents and communications including text messages with renters or prospective renters); 14 (documents and communications regarding alleged authorized use of Stay @ the Lake's credit cards); and 15 (evidencing or regarding use of third-party marketplaces to sell goods from January 22, 2022 through present). The responses shall not be excerpted or altered. Wyatt shall respond to each request for production in compliance with Federal Rule of Civil Procedure 34(2).

### 2.1.2 Interrogatories

Defendants' served Wyatt with eight Interrogatories. (ECF No. 32 at 4.) Wyatt has not responded to any of the Interrogatories, and his responses are passed due. (*Id.* at 8); Fed. R. Civ. P. 33(b)(2). Therefore, Defendants' Motion to Compel Wyatt's response to Interrogatories is **granted**. Wyatt shall respond to the Interrogatories by **October 8, 2024**. Wyatt shall respond in accordance with Federal Rule of Civil Procedure 33(b).

### 2.1.3 Preservation of Evidence

Defendants request that the court order Wyatt to preserve his electronic devices and all data residing on them that exist on a cloud service. (ECF No. 36 at 1.) Defendants seek third-party imaging of Wyatt's devises to ensure the preservation of relevant evidence. (*Id.* at 3; ECF No. 32 at 12.) Defendants' request that the court order Wyatt to preserve electronic evidence (ECF No. 36 at 1) is **granted**. Wyatt shall preserve all potentially relevant evidence on any of his electronic devices, including cell phones and

4

Case 2:24-cv-00027-WED    Filed 09/17/24    Page 4 of 6    Document 40

computers, and he shall make such devices available for imaging by third-party companies.

### 2.1.4 Attorneys' Fees

Defendants request the court award Defendants' attorneys' fees and costs in bringing their Motion to Compel and responding to Wyatt's Motion to Compel. (ECF No. 36 at 2; ECF No. 37 at 2.) Defendants' request is **held in abeyance** for the time being.

### 2.2 Wyatt's Motion to Compel

Wyatt's motion to compel consists of his Request for Admissions, Interrogatories, and Requests for Production of Documents. (ECF No. 35.) The discovery requests were not previously served on Defendants, who first received the requests upon Wyatt's filing his motion to compel on August 19. (ECF No. 37 at 1.) Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, Defendants have 30 days in which to respond. Any motion to compel responses is premature. For that reason, Wyatt's motion is **denied**.

## 3. Conclusion

**IT IS THEREFORE ORDERED** that Defendants' motion to compel (ECF No. 31) is **GRANTED**. Wyatt shall respond to the specified Requests for Production of Documents and all Interrogatories by **October 8, 2024,** and shall make his electronic devices available for imaging.

**IT IS FURTHER ORDERED** that Wyatt's motion to compel (ECF No. 35) is **DENIED**.

Dated at Milwaukee, Wisconsin this 17th day of September, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge